Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA THIRD DIVISION

In re:

GINA LEA MARIE JOHNSON

Case No. 26-41956
CHAPTER 13 PLAN ☑ Modified
Dated July 29, 2026

Debtor.

*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14  **IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1   As of the date of this plan, the debtor has paid the trustee $550.00 (including balance on hand of $509.25).

2.2   After the date of this plan, the debtor will pay the trustee $41,890.00.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $710.00 | 08/2026 | 06/2031 | 59 | $41,890.00 |
| | | | PART 2.2 SUBTOTAL: | $41,890.00 |

2.3   The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4   The debtor will also pay the trustee:

2.5   The debtor will pay the trustee a total of $42,440.00 [lines 2.1 + 2.2 + 2.4].

2.6   If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows:

**The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC), plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $4,244.00 [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the

1

Local Form 3015-1
REVISED 09/2025

proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of paym-ents | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | Freedom Mortgage Corporation | 1206 Sugar Lane, Chaska, MN 55317 | $26,539.00 | | 12/26 07/27 12/29 | $250.00 $459.00 $639.00 | 7 29 18 | $26,539.00 | $0.00 | $26,539.00 |
| | | | Current installment payment | | Disbursed by: | | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $1,567.00 | | ☑ Debtor ☐ Trustee | | | $0.00 | $0.00 | $0.00 |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of paym-ents | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.2 | US Dept of HUD | 1206 Sugar Lane, Chaska, MN 55317 | $0.00 | | | | | $0.00 | $0.00 | $0.00 |
| | | | Current installment payment | | Disbursed by: | | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $0.00 | | ☑ Debtor ☐ Trustee | | | $0.00 | $0.00 | $0.00 |

TOTAL: $26,539.00

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin-ning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

TOTAL: $0.00

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | MNDR | $5,529.00 | 10 | - | 12/26 | $180.00 | 36 | $6,413.00 | $0.00 | $6,413.00 |

TOTAL: $6,413.00

2

Local Form 3015-1
REVISED 09/2025

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Attorney Fees | $4,500.00 | 07/26<br>08/26<br>12/26 | $495.00<br>$639.00<br>$209.00 | 1<br>4<br>7 | $4,500.00 | $0.00 | $4,500.00 |
| 8.2 | IRS | | | | | | | |
| 8.3 | MNDR | | | | | | | |
| | | | | | | | TOTAL | $4,500.00 |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | | | | |
|---|---|---|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 | | Estimated remaining payments | $744.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $29,788.00 | | + amount paid to date by trustee (mod. plan only) | |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $29,788.00 | | = TOTAL estimated payments | $744.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 2.5 | | | |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of property (including complete legal description of real property) |
|---|---|
| -NONE- | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The

Local Form 3015-1
REVISED 09/2025

amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| Information regarding judicial lien or security interest | | Calculation of lien avoidance | | Extent of exemption impairment (check one) |
|---|---|---|---|---|
| Creditor: | -NONE- | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | 4,244.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $ | 26,539.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | 0.00 |
| Secured claims excluded from § 506 [Part 7] | $ | 6,413.00 |
| Priority claims [Part 8] | $ | 4,500.00 |
| Domestic support obligation claims [Part 9] | $ | 0.00 |
| Separate classes of unsecured claims [Part 10] | $ | 0.00 |
| Timely filed unsecured claims [Part 11] | $ | 744.00 |
| TOTAL (must equal line 2.5) | $ | 42,440.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed:    /s/ GINA LEA MARIE JOHNSON
                 GINA LEA MARIE JOHNSON
                 Debtor 1

Signed:    /s/ Robert J. Hoglund
                 Robert J. Hoglund 210997
                 Attorney for debtor

Signed:    _____
                 Debtor 2 (if joint case)

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                          Bkry Case No: 26-41956

Gina Lea Marie Johnson                                          Chapter 13

                    Debtor(s).

## NOTICE OF FILING MODIFIED CHAPTER 13 PLAN PRIOR TO CONFIRMATION

TO:  ALL PARTIES IN INTEREST

   PLEASE TAKE NOTICE that the debtor(s), pursuant to Local Rule 3015-2(a) have filed the attached modified Chapter 13 Plan.  The Hearing on Confirmation of the Modified Plan is scheduled for Thursday, September 17, 2026, at 11:00 a.m. in United States Bankruptcy Court, Courtroom 8 West, Eighth Floor, 300 South Fourth Street, Minneapolis, Minnesota.

   Any objection to this Modified Plan shall be filed and served not later than Thursday, September 10, 2026, which is 7 days prior to the time and date set for the confirmation hearing.

Dated: July 31, 2026

HOGLUND & MROZIK, P.L.L.C.
Signed: /e/ ***Robert J. Hoglund***
Robert J. Hoglund              #210997
Karli K. Buchanan             #505358
Attorney for Debtor(s)
550 Main Street, Ste 260
New Brighton, Minnesota, 55112
Telephone Number: (651) 628-9929
Email: bankruptcy@hoglundlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Bkry Case No: 26-41956 |
| Gina Lea Marie Johnson | Chapter 13 |
| Debtor(s). | **UNSWORN CERTIFICATE** |
| | **OF SERVICE** |

I, Sarah Dutton, employed by Hoglund & Mrozik, P.L.L.C., attorneys licensed to practice law in this Court, with office address of 550 Main Street, Ste 260, New Brighton, Minnesota, 55112, declare that on July 31, 2026, I served the Modified Chapter 13 Plan and Notice of Filing Modified Plan Prior to Confirmation to each of the entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

**The following were served via first class mail postage prepaid:**

Gina Johnson
1206 Sugar Lane
Chaska, Minnesota 55318

And to all creditors/parties in interest listed on matrix (see attached)

I declare, under penalty of perjury, that the foregoing is true and correct.
Dated: July 31, 2026
Signed: /e/ Sarah Dutton
      Paralegal

Label Matrix for local noticing
0864-4
Case 26-41956
District of Minnesota
Minneapolis
Fri Jul 31 13:15:28 CDT 2026

Minneapolis
301 Diana E. Murphy U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415-1320

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CARVER COUNTY SHERIFF'S OFFICE
606 EAST FOURTH STREET
CHASKA MN 55318-2359

CHASE CARD SERVICES
ATTN: BANKRUPTCY
PO BOX 15299
WILMINGTON DE 19850-5299

CREDIT COLLECTION SERVICES
ATTN: BANKRUPTCY
725 CANTON ST
NORWOOD MA 02062-2679

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

DISCOVERC
PO BOX 30939
SALT LAKE CITY UT 84130-0939

FREEDOM MORTGAGE CORPORATION
ATTN: BANKRUPTCY
951 YAMATO ROAD, SUITE 175
BOCA RATON FL 33431-4444

FST PREMIER
ATTN: BANKRUPTCY
601 S MINNESOTA AVE
SIOUX FALLS SD 57104-4824

GURSTEL LAW FIRM PC
6681 COUNTRY CLUB DR
GOLDEN VALLEY MN 55427-4601

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JEFFERSON CAPITAL SYSTEMS, LLC
ATTN: BANKRUPTCY
200 14TH AVE E
SARTEKK MN 56377-4500

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

KOHLS
PO BOX 3043
MILWAUKEE WI 53201-3043

LIBERTY MUTUAL
PO BOX 55126
BOSTON MA 02205-5126

LVNV FUNDING LLC/RESURGENT CAPITAL SERVI
RESURGENT CORRESPONDENCE, ATTN: BANKRUPT
PO BOX 1269
GREENVILLE SC 29602-1269

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MN DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
PO BOX 64447
SAINT PAUL MN 55164-0447

MN UNEMPLOYMENT
PO BOX 64621
SAINT PAUL MN 55164-0621

MYER NJUS TANICK, PA
330 SECOND AVE SOUTH
SUITE 350
MINNEAPOLIS MN 55401-2212

Premier Bankcard, LLC
Jefferson Capital Systems, LLC Assignee
PO BOX 7999
SAINT CLOUD, MN 56302-7999

STEWART ZLIMEN & JUNGERS LTD
2860 PATTON RD
ROSEVILLE MN 55113-1100

TARGET NB
CO FINANCIAL & RETAIL SERVICES
MAILSTOP BT PO BOX 9475
MINNEAPOLIS MN 55440-9475

(p)TD BANKNORTH NA
70 GRAY ROAD
FALMOUTH ME 04105-2019

(p)TROTT LAW  P C
25 NORTH DALE STREET
ST PAUL MN 55102-2227

U.S. Bank National Association
Bankruptcy Department
PO Box 108 Saint Louis MO 63166-0108

(p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP
477 MICHIGAN AVE #1600
DETROT MI 48226-2564

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

GINA LEA MARIE JOHNSON
1206 SUGAR LANE
CHASKA, MN 55318-2424

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

Robert J. Hoglund
Hoglund & Mrozik, PLLC
550 Main Street, Ste 260
New Brighton, MN 55112-3273

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

IRS
30 E 7TH STREET SUITE 1222
MAIL STOP 5700
SAINT PAUL MN 55101

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

TD BANK
1701 ROUTE 70 E
CHERRY HILL NJ 08034

TROTT LAW
25 DALE ST N
SAINT PAUL MN 55102

U.S. Department of Housing and Urban Develop
Ralph Metcalfe Federal Building
77 West Jackson Boulevard
Chicago, IL 60604

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Freedom Mortgage Corporation

End of Label Matrix
Mailable recipients    32
Bypassed recipients     1
Total                  33